IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-07-196-W |
| ) | |
| MIKE MULLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.[1] United States District Judge Lee R. West referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases. For the following reasons, it is recommended that the petition be dismissed upon filing as untimely.

BACKGROUND

Petitioner challenges his convictions entered in two unrelated Oklahoma County District Court cases. In Case No. CF-95-2234, District Court of Oklahoma County, Petitioner pled guilty to one count of possession of a controlled dangerous substance with intent to distribute after former conviction of a felony (count one) and no contest to one count of possession of a controlled dangerous substance without a tax stamp after former

---

[1] Several parts of the petition could be read as civil rights claims seeking relief pursuant to 42 U.S.C. § 1983. See, e.g., Petition, pp. 5-6, 8, 10, 14. The petition has not been re-characterized as a § 1983 complaint because Petitioner seeks release from custody, filed suit on a form for initiating § 2254 suits, named his legal custodian as the only respondent, and has not paid the filing fee applicable to § 1983 suits. Additionally, Petitioner has an action for § 1983 relief pending before United States District Judge David L. Russell in case number CIV-07-197, which complains of the convictions under attack in this petition.

conviction of a felony (count two).  Petition, p. 1; Docket, Oklahoma County Case No. CF-95-2234.[2]  The trial court convicted and sentenced Petitioner in August 1997.[3]  Petitioner did not appeal.  In 2000, Petitioner applied for post-conviction relief in the trial court, and in 2001 such relief was granted and Petitioner was permitted to withdraw the guilty plea on count one.[4]  However, at a subsequent plea hearing on July 12, 2001, Petitioner re-entered pleas of guilty and no contest to counts one and two, respectively, and was re-sentenced to concurrently running five-year suspended sentences for each count.[5]  Petitioner did not appeal these convictions or sentences.  After Petitioner completed several years of probation, the State moved to revoke his suspended sentences in August 2005, which resulted in a revocation on September 20, 2005.[6]  Petitioner did not appeal the probation revocation.  Docket, Oklahoma County Case No. CF-95-2234.

In Case No. CF-04-7025, District Court of Oklahoma County, Petitioner was charged with two counts of lewd acts with a child under sixteen after former conviction

---

[2] The undersigned has taken judicial notice of the court dockets of the convictions attacked in the petition.  These dockets are available at http://www.oscn.net (last accessed April 13, 2007).

[3] There is some uncertainty as to whether the trial court disposed of count two in its August 1997 judgment, but the undersigned will wait until a more procedurally informed point is reached before elaborating on this issue.

[4] Though not explained in any detail, the docket entries indicate that Petitioner raised questions concerning his competency at arraignment.

[5] The trial court's docket contains an entry dismissing count two at the request of the State on August 25, 1997.  However, after Petitioner was granted post-conviction relief and permitted to withdraw his guilty plea to count one, the docket shows that Petitioner pled guilty to count one of the information and, no contest to count two on July 12, 2001, despite the 1997 entry of dismissal of count two.  Docket, Oklahoma County Case No. CF-95-2234.  The information Petitioner supplies concerning the pleas he entered is unenlightening. Petition, p. 1.  Ultimately, the procedural posture of count two has no bearing on the analysis of the petition's timeliness, so no further inquiry as to the disposition of count two has occurred.

[6] The state moved to revoke the suspended sentence in 2003 also, but that application was later dismissed.

of a felony. Petition, p.1; Docket, Oklahoma County Case No. CF-04-7025. During the pendency of the proceedings related to these charges, Petitioner filed suit pursuant to 42 U.S.C. § 1983 alleging that certain actions taken in furtherance of the prosecution violated his constitutional rights. Petition, Ex. 6. Relying on the abstention doctrine established in Younger v. Harris, 401 U.S. 37 (1971), and the requirements of Heck v. Humphrey, 512 U.S. 477 (1994), United States District Judge Tim Leonard dismissed the § 1983 action without prejudice on August 23, 2005. Id.; Docket, W.D. Okla. Case No. CIV-05-440. Thereafter, Petitioner was convicted of both counts pursuant to a guilty plea and sentenced on September 23, 2005, to two fifteen-year terms, with seven years to do on each case running concurrently and the balance suspended. Petitioner did not appeal these convictions or sentences either. Docket, Oklahoma County Case No. CF-04-7025.

Petitioner sought mandamus relief in both cases from the trial court on October 19, 2006, which was denied November 17, 2006. Petition, Ex. 3; Docket, Oklahoma County Case Nos. CF-95-2234, CF-04-7025. Petitioner then filed a petition for writ of prohibition and petition for a writ of habeas corpus in the Oklahoma Court of Criminal Appeals, but the Court declined to exercise jurisdiction on January 24, 2007. Petition, Ex. 4; Docket, Oklahoma Court of Criminal Appeals, Case No. HC-06-1236.[7] Petitioner then turned to this Court for § 2254 relief.

---

[7]It appears that Petitioner attempted to appeal the order of the Oklahoma Court of Criminal Appeals denying relief to the Oklahoma Supreme Court, but the Court dismissed the attempted appeal on March 6, 2007. No. 0-104170, Oklahoma Supreme Court.

DISCUSSION

A.  *Screening Requirement*

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. The timeliness of a state prisoner's habeas corpus petition may be raised sua sponte. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); Rivera v. Beck, 122 Fed. Appx. 408, 410 (10th Cir. Feb. 1, 2005) (unpublished).[8] A habeas petitioner suffers no prejudice when a magistrate judge sua sponte raises a limitations issue in a report and recommendation because there is an opportunity to be heard on the issue by filing a timely objection. See Day, 126 S. Ct. at 1684; see also, Smith v. Dorsey, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992)).

B.  *Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year limitations period for habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

---

[8] This and any other unpublished decision cited herein as persuasive authority pursuant to Tenth Circuit Rule 32.1.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date on which the judgment became final. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner does not allege anything to suggest that any of these subsections may apply here, so the timeliness of the petition will be evaluated from the date the convictions became final by the expiration of the time for seeking direct review.

The limitations period to bring a § 2254 challenge to the convictions entered in Case No. CF-95-2234 has lapsed. The judgment of conviction at issue in Case No. CF-95-2234 was entered on July 12, 2001, pursuant to Petitioner's guilty plea.[9] Docket, Oklahoma County Case No. CF-95-2234. Petitioner had ten days from the date of the judgment of conviction to move to withdraw his guilty plea. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App.; see also Hicks v.

---

[9] The petition challenges the trial court's jurisdiction to impose the sentence rendered at the time of conviction without raising complaints stemming from the revocation proceeding. See Petition, pp. 5-10. Thus, the limitations period governing these convictions should be calculated from the date the judgment of conviction became final without regard to the subsequent revocation proceedings. See Lowe v. Dinwiddie, No. 05-7077, 163 Fed. Appx. 747, 749 (10th Cir. Jan. 19, 2006) (unpublished).

Kaiser, No. 99-6302, 2000 WL 27694, at *1 (10th Cir. Jan. 14, 2000) (unpublished). Petitioner did not, so the convictions became final for limitations purposes on July 22, 2001. See Rule 1.4, Rules of the Oklahoma Court of Criminal Appeals. Therefore, the one-year limitations period ran on July 22, 2002. See United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that anniversary method should be applied to calculate AEDPA limitations periods). The petition was not filed until February 15, 2007, which is years after the limitations period applicable to the convictions in Case No. CF-95-2234 expired. Petition, p. 1.

The limitations for Petitioner's claims arising from Case No. CF-04-7025 has also run. Petitioner entered his guilty pleas and was sentenced in this case on September 23, 2005. Again, Petitioner had ten days from that date to move to withdraw his guilty pleas which he did not do. Thus, these convictions became final for limitations purposes on October 3, 2005, and the limitations period lapsed on October 3, 2006. See Hurst, 322 F.3d at 1261. Since the petition was not filed until February 15, 2007, absent circumstances to toll the limitations period, the claims relating to Case No. CF-04-7025 are untimely.

C.   Tolling

The limitations period for seeking § 2254 relief is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2241(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

Petitioner did not directly appeal his convictions or sentences. Petition, p. 2. Nor did Petitioner file any applications for post-conviction relief from the judgments of conviction at issue in the petition. See Docket, Oklahoma County Case Nos. CF-95-2234, CF-04-7025.  Though Petitioner did move for a writ of mandamus, and later filed a petition for a writ of prohibition and writ of habeas corpus with the Oklahoma Court of Criminal Appeals, those actions did not toll the limitations period applicable to either case because they were filed after the respective limitations periods expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  More specifically, the petition for a writ of mandamus was filed with the trial court on October 19, 2006, and it was denied on November 17, 2006.  The petition for a writ of prohibition and writ of habeas corpus was filed with the Oklahoma Court of Criminal Appeals on November 22, 2006, and that Court declined jurisdiction on January 24, 2007.

The limitations period may be subject to equitable tolling under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Simple excusable neglect is insufficient. Gibson, 232 F.3d at 808.

Petitioner does not allege any facts indicating that the failure to timely file the petition was caused by circumstances beyond his control.  He alleges that he "originally"

sent the petition to the "District Court within the (1) year limitation, where filing was denied." Petition, p. 13.  However, Petitioner provides no support for this statement and it appears his assertion is incorrect because he did not file anything in any court, state or federal, during the time periods after his convictions became final and before their respective limitations periods ended.  See Docket, W.D. Okla. Case No. CIV-05-440, Docket, Oklahoma County Case Nos. CF-95-2234, CF-04-7025

There is nothing unique or unusual about the allegations of the petition to suggest that this case presents the rare circumstance in which equitable tolling should be applied.  Therefore, application of the doctrine of equitable tolling is not appropriate here.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be dismissed on filing as untimely.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before May 7, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the

Attorney General of the State of Oklahoma on behalf of Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED this 16th day of April, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE