IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

THURMAN HARVEY HINES, )
)
          Petitioner, )
)
vs. ) No. CIV-07-196-W
)
MIKE MULLIN, Warden, )
)
          Respondent. )

**FILED**
MAY 1 0 2007
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

## ORDER

On April 21, 2007, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Court dismiss the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Thurman Harvey Hines as untimely filed. Hines was advised of his right to object to the Report and Recommendation, and he not only has objected to the Report and Recommendation, but also has filed a Motion to Amend and Add to Petition for Writ of Habeas Corpus.

Upon de novo review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter. Hines' Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). In his Petition, Hines has challenged his convictions in two unrelated cases, Case No. CF-95-2234 and Case No. CF-04-7025, in the District Court of Oklahoma County, Oklahoma. The applicable one-year periods expired respectively in July 2002 and October 2006. Hines' Petition file-stamped on February 15, 2007, is therefore time-barred unless Hines can establish that these limitations periods have been tolled.

In reviewing Hines' submissions, the Court finds that Hines not only has failed to demonstrate that he is entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), but also has failed to present any "'extraordinary circumstances,'" Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2005)(citation omitted), that would justify equitable tolling in this instance. The Court further finds that neither the arguments or authorities cited in Hines' Motion to Amend and Add to Petition for Writ of Habeas Corpus nor the relief requested therein would a basis that would excuse or justify Hines' untimeliness in filing the instant action.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on April 16, 2007;

(2) DENIES Hines' Motion to Amend and Add to Petition for Writ of Habeas Corpus file-stamped on April 19, 2007; and

(3) DISMISSES Hines' Petition as untimely-filed.

ENTERED this 10th day of May, 2007.

LEE R. WEST
UNITED STATES DISTRICT JUDGE